IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GAIRITT SCHAD,

                  Plaintiff,

  v.

DAVID MAHONEY, SUN PRAIRIE POLICE
DEPARTMENT CHIEF OF POLICE,
OFFICER HETRICK, OFFICER LOWERY, and
UNKNOWN DANE COUNTY DEPUTY CANINE
HANDLER,

                  Defendants.

OPINION and ORDER

20-cv-811-jdp

---

    Pro se plaintiff Gairitt Schad says that he suffered injuries after being attacked by a Dane County police dog. Dkt. 1. Schad has been granted leave to proceed in forma pauperis, Dkt. 5, and he has paid the initial partial payment of his filing fee. The next step is for me to screen Schad's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who cannot be sued for money damages by law. Because he is representing himself, I will hold his complaint "to a less stringent standard than formal pleadings drafted by lawyers." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

    I will dismiss Schad's complaint because it does not comply with the Federal Rules of Civil Procedure. The only fact that Schad alleges is that he was "suddenly attacked by a Dane County K-9 dog" while he was kneeling in a field after fleeing from police, along with a description of the injuries he suffered. Dkt. 1, at 2. He doesn't describe the role that any defendant played in the attack or why the attack was any defendant's fault. Nor does he explain why the supervisory defendants that he names, Dane County Sheriff David Mahoney and the

Sun Prairie Police Department Chief of Police, are personally responsible for his injuries. *See Matthews v. City of E. St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) ("In order for a supervisor to be liable [under 42 U.S.C. § 1983], they must be personally responsible for the deprivation of the constitutional right." (internal quotation marks omitted)).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these requirements is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). Schad's complaint doesn't include enough details for any of the defendants to understand why he believes that they are responsible for his injuries.

I will dismiss Schad's complaint for violating Rule 8, and I will give him a short time to file an amended complaint that more clearly explains why he believes each defendant is responsible for his injuries. He should draft his amended complaint as if he were telling a story to people who know nothing about the events at issue. In particular, he should explain what each defendant did to cause the attack or allow it to happen. If Schad fails to respond to this order by the deadline below, I will dismiss the case for his failure to state a claim upon which relief may be granted and I will assess him a "strike" under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Gairitt Schad's complaint, Dkt. 1, is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

2. Schad may have until February 25, 2021, to submit an amended complaint.

Entered February 4, 2021.

                                          BY THE COURT:

                                          /s/

                                          _____

                                          JAMES D. PETERSON
                                          District Judge